UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Brown, | ) | C/A No. 5:15-cv-00164-BHH-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Mansukhani, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prisoner appearing pro se.[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

William Brown ("Petitioner") is a federal prisoner currently incarcerated at FCI-Estill and serving a statutory mandatory-minimum life sentence for numerous drug (crack cocaine) possession-, manufacture-, and distribution-related convictions entered on a jury verdict in the Eastern District of Kentucky ("the sentencing court") in January 2007. ECF No. 1-8, at 2 (Suppl. Pet.); *see United States v. Brown*, No. 2:05-cr-00087-DLB (E.D. Ky.); *see also* 21 U.S.C. §

---

[1] Petitioner alternatively labels his pleading a Petition for "Audita Querela." ECF Nos. 1, at 1; 1-8, at 10. Regardless of the label Petitioner places on his pleading, the result of this case will not change. *See Wilkes v. Warden, FCI Edgefield*, 523 F. App'x 224, at *1 n.* (4th Cir. 2013) (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) and affirming denial of federal prisoner's § 2241 habeas petition and district court's rejection of petitioner's alternative request for writ of audita querela because petitioner had another available remedy, *i.e.* a 28 U.S.C. § 2255 motion).

841(b)(1) (providing for mandatory-minimum sentences up to life in prison for certain drug-related convictions against a person with prior felony drug convictions). His convictions and sentences were affirmed by the Sixth Circuit, *United States v. Brown*, 272 F. App'x 465 (6th Cir.), *cert. denied*, 128 S. Ct. 2981 (2008), and his initial § 2255 motion was finally denied by the sentencing court on March 9, 2011, *United States v. Brown*, No. 2:05-cr-00087-DLB (ECF No. 305). On August 3, 2011, the Sixth Circuit dismissed his appeal from the denial of his initial § 2255 motion because his notice of appeal was filed too late. *Brown v. United States*, No. 11-5293 (6th Cir. 2011). The records of the Sixth Circuit Court of Appeals indicate that Petitioner requested authorization pursuant to 28 U.S.C. § 2244 to file a second or successive § 2255 motion on June 19, 2012. *In re Brown*, No. 12-5690 (6th Cir.) (ECF No. 1). The successive motion included, among other contentions of ineffective assistance of counsel, allegations that, in light of the then-recent United States Supreme Court case of *Depierre v. United States*, 131 S. Ct. 2225, 180 L. Ed.2d 114 (2011) (addressing statutory sentencing distinctions between crack and powder cocaine), Petitioner's constitutional rights were violated when he was convicted and sentenced for an un-charged crack-cocaine-related offense. *In re Brown*, No. 12-5690 (6th Cir.) (ECF No. 6). Finding that the cases Petitioner relied on "did not involve new rules of constitutional law made retroactive to cases on collateral review," the Sixth Circuit denied the requested authorization on September 19, 2013. *In re Brown*, No. 12-5690 (6th Cir.) (ECF No. 35-2). Petitioner submitted the § 2241 Petition now under review to his institutional mailroom on January 9, 2015,[2] and asks this court to "apply" *Persaud v. United States*, 134 S. Ct. 1023 (2014)

---

[2] *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

and to vacate his current sentence and resentence him without a mandatory-minimum sentence or order him released from custody. ECF Nos. 1 at 1; 1-8 at 9.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States

District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

Petitioner submits this § 2241 Petition to this court and argues that the § 2255 remedy is inadequate and ineffective because "the Supreme Court's holding in [HARRIS]" was allegedly caused to "fall" by a subsequent unnamed case decided after the conclusion of his direct appeal and initial § 2255 motion. ECF No. 1-8 at 4; *see also* ECF No. 1, at 4. According to Petitioner, the subsequent case changed the previously applicable law as stated in "Harris," by holding that, to protect the accused's Sixth Amendment rights, a jury must decide all of "the essential elements of the aggravated crimes," including "individualized drug amount." ECF No. 1-8 at 4-5; *see also* ECF No. 1 at 2. Petitioner does not provide a citation for "Harris" or a name or citation for the subsequent case that allegedly changed the law, but he contends that, as a result of the issuance of that case since the conclusion of his initial § 2255 motion, his enhanced sentence is manifestly unjust. ECF Nos. 1, at 3-5; 1-8, at 8-9.[3] Petitioner contends that his life sentence should be vacated because it is based on facts that were not included in the indictment against him or determined by a jury. *Id*. Petitioner refers to "*Persaud* (2014)" and liberally paraphrases from the United States Solicitor General's Supreme Court brief, without citations, for his contentions that this court should exercise its subject-matter jurisdiction pursuant to 28

---

[3] Review of the contents of the successive § 2255 motion that the Sixth Circuit refused to authorize does not disclose any citations to a case named "Harris." *See In re Brown*, No. 12-5690 (6th Cir.) (ECF No. 6). A Westlaw query for all United States Supreme Court cases decided after 2011 resulted in a listing of 138 different entries for documents including the surname "Harris" in their captions. This court cannot be expected to independently review such an extensive listing in hopes that the one case to which Petitioner refers may be discovered.

U.S.C. § 2241 to determine that the sentencing court's imposition of a mandatory minimum life sentence in 2007 is now manifestly unjust because Congress did not provide for such sentences without the required grand-jury charge and jury findings of applicable facts. ECF No. 1 at 6; *see* ECF No. 1-8 at 8. Petitioner finally asserts that his sentence should be vacated because the sentencing court violated his constitutional rights by improperly choosing the harshest penalty available under 21 U.S.C. § 841 to "create" a mandatory minimum life sentence that was not authorized by Congress where the facts supporting that sentence were not charged by indictment or determined beyond a reasonable doubt by a jury. ECF Nos. 1 at 9-10; 1-6 at 8-9.

In this § 2241 Petition, Petitioner is attacking the validity of at least some of his convictions and his life sentence. These are the type of claims that should normally be brought under 28 U.S.C. § 2255 unless Petitioner can satisfy the savings clause of § 2255. "As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir. 2002). The § 2255 savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). It is settled law in this Circuit that the fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d at 194 n.5.

Under existing precedent in this Circuit, for a § 2255 motion to be inadequate or ineffective to test the legality of continued detention because of changes in the law after a conviction becomes final, a petitioner must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* test requires that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id*. at 333-34. Specifically, the second element of the test requires that "substantive law changed such that the *conduct of which the prisoner was convicted* is deemed not to be criminal." *Id*. at 334 (emphasis added). This statement has been extended to include sentencing decisions made pursuant to the Armed Career Criminal Act, *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011), or under 21 U.S.C. § 841. *United States v. Poole*, 531 F.3d at 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34)); *see Newborn v. Apker*, No. 5:13-HC-2176-FL, 2014 WL 2589418 (E.D.N.C. June 10, 2014) (collecting cases), *aff'd*, 585 F. App'x 191 (4th Cir. 2014); *Wall v. Owens*, No. 2:10-3205-CMC-RSC, 2011 WL 704729 (Jan. 31, 2011), *report adopted*, 2011 WL 703676 (D.S.C. Feb. 22, 2011), *aff'd*, 438 F. App'x 224 (4th Cir. 2011). Petitioner does not specifically discuss the *Jones* test in either his Petition or Supplemental

Petition, but, even if he had, his allegations show that he cannot satisfy all the elements of this test insofar as his challenges to his convictions or sentence are concerned.

Petitioner's allegations about an insufficiently identified case named "Harris" and an un-identified subsequently decided case that allegedly caused "Harris" to "fall" do not show that the § 2255 remedy is inadequate or ineffective in his case, especially where there is no showing that Petitioner cited to "Harris" or argued its "fall" as a basis for his unsuccessful 2012 request to the Sixth Circuit for authorization for a successive § 2255 motion. Moreover, Petitioner's allegations about the manner in which the sentencing court arrived at his convictions and sentences do not satisfy the Fourth Circuit's standards for a viable "actual innocence" claim as contemplated in the §§ 2241, 2255 contexts because he provides no allegations of new evidence, unavailable at the time of the convictions, which undermines the validity of his 2007 federal criminal *convictions* for drug-related charges. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The type of "actual innocence" that might require the court to consider a claim under § 2241 is *factual* innocence of the crime of conviction, not *legal* innocence of the requirements for statutory mandatory-minimum sentence as asserted here. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Here, Petitioner makes no argument that the alleged change in law made him no longer factually guilty of the crimes for which he was convicted, thus he fails to make a plausible actual innocence claim.

Although Petitioner contends that this court should "apply" the United States Supreme Court's order on a petition for writ of certiorari in *United States v. Persaud*, 134 S. Ct. 1023 (2014) to consider his sentence challenge under § 2241, that order did not change the existing and binding Fourth Circuit precedent previously cited. The Supreme Court's order in the *Persaud* case is one paragraph long and it does not contain any ruling on the merits of the

petitioner's and the United States' arguments against application of the Fourth Circuit's *Poole* line of cases, nor does it contain any discussion about whether those cases correctly interpreted and applied the law applicable to the § 2255 savings clause or to § 2241 subject-matter jurisdiction. Instead, it only vacated the Fourth Circuit's affirmance in *United States v. Persaud*, 517 F. App'x 137 (4th Cir. 2013) of a Western District of North Carolina decision that had held, in reliance on the Fourth Circuit's *Poole* line of cases, that a § 2241 petition could not be used by a federal prisoner to challenge the validity of an enhanced sentence like the one Petitioner challenges in his § 2241 Petition: a mandatory minimum life sentence under 21 U.S.C. §§ 841(b)(1)(A), 851. *See Persaud v. United States*, No. 3:12-cv-00509-FDW, 2012 WL 5902557 (W.D.N.C. Nov. 26, 2012). The Court remanded the case to the Fourth Circuit for "further consideration" because the United States, through the Solicitor General, changed its legal position on the issue when the case reached the Supreme Court level.[4] *Persaud v. United States*, 134 S. Ct. 1023. When it received notification that the Supreme Court had vacated its opinion, the Fourth Circuit remanded the case to the Western District of North Carolina "for further proceedings" without discussion of the merits of the petitioner's and United States' arguments before the Supreme Court. *Persaud v. United States*, No. 12-8068 (4th Cir. May 7, 2014) (ECF No. 25).[5] As of the time of this Report, the case remains pending in the district court. *Persaud v.*

---

[4] According to the United States' brief before the Supreme Court, the Government "took a different position in the district court and took no position on [the Fourth Circuit] appeal . . . ." 2013 WL 7088877, at 22 (footnote omitted).

[5] The Fourth Circuit's remand order states in pertinent part: "Upon consideration of the materials before the court, we deny a certificate of appealability and dismiss the appeal as to the district court's dismissal of the § 2255 claim as successive; grant the motion to remand; and remand the case for further proceedings. We express no view on the merits of Persaud's petition." *Persaud v. United States*, No. 12-8068 (ECF No. 25).

*USA*, No. 3:12-cv-00509-FDW (W.D.N.C.).[6] S*ee Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). Because the Supreme Court's limited ruling on the petition for certiorari in *Persaud* does not change the state of existing Fourth Circuit precedent, Petitioner fails to show that this court should now consider his challenges to his convictions or his sentences by way of a § 2241 Petition even if some applicable law has changed since the conclusion of his direct appeal and initial § 2255 motion in the sentencing court. In absence of any claim that may be presented in a § 2241 petition or authorization from the Sixth Circuit to file a successive § 2255 motion to raise his claims in the sentencing court, this § 2241 Petition should be summarily dismissed.

IV.    Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

April 16, 2015                                                                  Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

---

[6] The *Persaud* case was stayed by the Western District of North Carolina on December 5, 2014, pending a decision by the Fourth Circuit Court of Appeals in a different case involving similar issues that is currently pending before that court: *United States v. Surratt*, No. 14-6851 (4th Cir.). *See United States v. Persaud*, No. 3:12-cv-00509-FDW (W.D.N.C.) (ECF Nos. 15, 16). Oral argument was held in the Surratt case on January 27, 2015, but an opinion has not yet issued in the case. *See United States v. Surratt*, No. 14-6851 (4th Cir.) (ECF No. 65).

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).